ceeding was not instituted till November, 1898, eighteen years after the appointment of the administrator.

The surrogate, on the authority of the *Rogers case*, held that the Statute of Limitations operated, and dismissed the proceedings.

The decree must be affirmed, with costs.

All concurred.

Order of the surrogate of the county of Kings affirmed, with ten dollars costs and disbursements.

---

MORRIS FOSDICK, Plaintiff, *v.* CATHARINE C. LYONS and Others, Defendants, Impleaded with L. NAPOLEON LEVY, Appellant.

WILLIAM L. PERKINS, as Committee, etc., of CATHARINE C. LYONS, Respondent.

*Mortgages given by a life tenant and by remaindermen — surplus moneys, arising on a foreclosure thereof — the mortgagors' relative interests therein.*

Where the life tenant of certain premises and the two remaindermen execute mortgages thereon, which recite that the life tenant and the remaindermen are indebted to the mortgagee in the sum named in the mortgages, and it does not appear who received the money obtained upon the mortgages, nor to what purposes it was applied, the presumption is, as between the three mortgagors, that they were each liable for one-third of the debt; and in surplus money proceedings, instituted after the foreclosure of the mortgages upon a default in the payment of interest, the life tenant is chargeable with the unpaid taxes, and with one-third of the interest, and the remaindermen with the other two-thirds of the interest, the costs and expenses of the foreclosure being deducted from the proceeds of sale before any division is made.

APPEAL by the defendant, L. Napoleon Levy, from an order of the County Court of Queens county, entered in the office of the clerk of the county of Queens on the 15th day of November, 1898, directing the distribution of the surplus moneys realized on a foreclosure sale had in the above-entitled action.

*Eugene V. Daly*, for the appellant.

*Frank A. Butler*, for the respondent.

CULLEN, J. :

The defendant Catharine C. Lyons was seized of an estate for life in certain real estate in the county of Queens. The defendants

Thomas F. Lyons and John J. Lyons owned the remainder after the death of Catharine. The life tenant and two remaindermen executed two bonds and mortgages, each for the sum of $500 to the plaintiff. Default was made in the payment of the interest. The mortgages were foreclosed and the premises sold. On the sale there was a surplus of $3,000 deposited with the county treasurer. Prior to the foreclosure, the defendants Thomas F. and John J. Lyons conveyed their remainder to the defendant and appellant, L. Napoleon Levy. Proceedings were taken to obtain the surplus, and a reference ordered to determine the rights and interests of the various claimants. On this reference the appellant Levy claimed that the life tenant should be charged with the defaulted interest due on the mortgages, the costs and expenses of the foreclosure sale and the unpaid taxes which had been allowed to accrue on the property. The referee charged the life tenant (the respondent, Catharine Lyons) with all these sums. The county judge modified the referee's report by charging the life tenant with the unpaid taxes, and disallowing the claims against her for the interest on the mortgages and the expenses of the foreclosure. From this order the remainderman has appealed.

We think the decision of the learned county judge was clearly correct. The bonds and mortgages which were foreclosed recite that the three mortgagors, the life tenant and the two remaindermen, were indebted to the mortgagee in the sum named in the mortgages. No evidence was given tending to show who actually received the moneys borrowed, or for what purpose those moneys were applied. There being no proof, therefore, of any peculiar equities between the parties, the presumption resulting from the face of the instrument must obtain, that the three mortgagors and bondsmen were, as between themselves, each liable for one-third of the debt. To such a case the rule that where parties receive an estate subject to an incumbrance, the life tenant must discharge the annual interest on the incumbrance, has no application. The equity of the general rule and the principle on which it is based are perfectly apparent. If a piece of land subject to a mortgage of $10,000 is devised to one for life, and to another in remainder after the death of the first, the life tenant is entitled only to the income

of the property. The whole real estate is not devised, but only the equity of redemption, and the true income of the subject-matter devised is only the excess of the rental after deducting the annual interest charged on the incumbrance. But, in this case, the three mortgagors, the life tenant and the two remaindermen, were the primary debtors, and could have been sued at law on their promise to pay, without resort, to a foreclosure of the mortgage, which was merely security for the debt. Had any of the three paid either the principal or the interest, presumptively he would have been entitled to sue his co-obligors for their aliquot shares of the payment. The duty, therefore, rested on the remaindermen to pay the interest to the same extent as it did upon the life tenant, and one was just as responsible as the other for the default in interest, and for the foreclosure occasioned by such default. The view taken by the court below was, therefore, right. There seems to have been an error of fifty-eight dollars and ninety-seven cents made in the calculation of the county judge. Both parties have recognized its existence, and stipulated for its correction. I cannot clearly make out from the papers whether the mistake has actually been corrected. If it has not, the parties may hereafter apply to the county judge for a modification of his order.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

All concurred.

Order affirmed, with ten dollars costs and disbursements.